IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00094-RLV
(5:05-CR-00033-RLV-1)

| | |
|---|---|
| PAUL WESLEY GAITHER, JR., ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). No response is necessary from the Government. For the reasons that follow, Petitioner's Section 2255 Motion will be DISMISSED.

## I. BACKGROUND

On July 5, 2006, Petitioner was convicted on one count of possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (Count Two), and one count of using and carrying firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Three). Petitioner was sentenced to seventy-seven months' imprisonment on Count Two and a consecutive term of sixty months' imprisonment on Count Three. (5:05-cr-00033, Doc. No. 15: Judgment in a Criminal Case at 1-2). Petitioner did not file a direct appeal from this criminal judgment.

On June 11, 2007, Petitioner filed a Motion under Section 2255 challenging his guilty plea and criminal judgment. The Court conducted an initial review and concluded that

1

Petitioner's arguments were without merit and entered an order denying and dismissing the motion. (5:12-CV-00059, Doc. No. 2).

On July 11, 2012, Petitioner filed the present Section 2255 motion contending that he is entitled to relief based on the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Petitioner argues that he did not have a predicate felony conviction for which he could have received more than a year in prison. Consequently, Petitioner contends that he is entitled to be resentenced without the Court's consideration of a prior conviction pursuant to 21 U.S.C. § 851. (5:12-CV-00094, Doc. No. 1 at 1-2).

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

As noted, Petitioner has previously filed a Section 2255 motion that was denied and dismissed. Petitioner has provided no evidence that he has secured the necessary authorization from the Fourth Circuit to proceed with a successive Section 2255 motion. This Court is therefore without jurisdiction to consider a successive petition under Section 2255.

## III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion be

**DISMISSED** as successive. (Doc. No. 1).

      **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: January 8, 2013

Richard L. Voorhees
United States District Judge