IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00094-RLV
(5:05-CR-00033-RLV-DCK-1)

| | |
|---|---|
| PAUL WESLEY GAITHER, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on remand from the Fourth Circuit.

I.  BACKGROUND

On July 5, 2006, Petitioner was convicted on one count of possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (Count Two), and one count of using and carrying firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Three). Petitioner was sentenced to seventy-seven months' imprisonment on Count Two and a consecutive term of sixty months' imprisonment on Count Three. (5:05-cr-00033, Doc. No. 15: Judgment). Petitioner did not file a direct appeal from this criminal judgment.

On June 11, 2007, Petitioner filed a pro se § 2255 motion to vacate in which he challenged his guilty plea and criminal judgment. The Court conducted an initial review of the motion and concluded that Petitioner's arguments were without merit and his motion was dismissed. See Rule 4(b) of the Rules Governing Section 2255 Proceedings. (5:07-CV-00059, Doc. No. 2). Petitioner did not appeal.

1

On July 11, 2012, Petitioner filed the present pro se § 2255 motion in which he contends that he is entitled to sentencing relief based on the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).[1] Petitioner argues that his 2000 state drug conviction, which the Government noticed pursuant to 21 U.S.C. § 851, is no longer a valid, predicate conviction which can support his statutory mandatory-minimum sentence because he could not have received more than a year in prison. Consequently, Petitioner contends that he is entitled to be resentenced without the Court's consideration of his prior state drug conviction. (5:12-CV-00094, Doc. No. 1 at 1-2).[2]

The Court dismissed this second motion on initial review after finding that it was an unauthorized, successive motion under § 2255(h). (5:12-CV-00094, Doc. No. 3: Order, filed Jan. 8, 2013). Although Petitioner was proceeding pro se, the Federal Defenders of Western North Carolina entered a notice of appeal on his behalf and the Government entered a notice of appearance before the Fourth Circuit, and the parties filed a joint motion to remand the case to this Court for consideration of additional argument.[3] In the motion to remand, the parties argued

---

[1] In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense to enhance a sentence under federal law, the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year under North Carolina law. Simmons, 649 F.3d at 243 (emphasis added) (examining North Carolina's Structured Sentencing Act). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).

[2] Prior to the entry of Petitioner's guilty plea, the Government filed notice pursuant to § 851 of its intention to seek enhanced penalties based a 2000 North Carolina conviction for possession with intent to sell and deliver cocaine. (5:05-CR-00033, Doc. No. 2). The prior conviction would have subjected Petitioner to a mandatory-minimum term of 120-months in his federal case but he was later sentenced below this statutory minimum after the Government's motion for a downward departure was granted during his sentencing hearing.

[3] Because the Court found that it lacked jurisdiction to consider the merits of Petitioner's unauthorized, successive § 2255 motion to vacate, the Government was not ordered to file an answer or otherwise respond to the pro se motion. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); United States v.Winestock, 340 F.3d 203, 205 (2003).

2

that Petitioner should be entitled to relief pursuant to a writ of habeas corpus under 28 U.S.C. § 2241, citing, among other authority, the Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013), and the Fourth Circuit's en banc Simmons decision.[4] See United States v. Gaither, Jr., No. 13-6390 (4th Cir. 2013), ECF No. 32: Joint Motion to Remand.

## II. DISCUSSION

It is undisputed that Petitioner's 2000 North Carolina drug conviction no longer qualifies as a predicate felony following Simmons. However, a petitioner seeking to attack his conviction or sentence must file a motion under § 2255 in an effort to challenge his sentence unless this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (internal citations omitted). The Fourth Circuit has concluded, and recently reaffirmed, that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

Id. at 333-34. See also United States v. Surratt, Jr., 797 F.3d 240 (4th Cir. 2015) (applying Jones and denying § 2241 relief from mandatory life sentence based on now invalid North Carolina felony drug conviction under Simmons).

---

[4] In Alleyne, the Supreme Court overruled its decision in Harris v. United States, 536 U.S. 545 (2002), in holding that any fact that increases a defendant's statutory minimum sentence must either be admitted by the defendant or submitted to a jury and found beyond a reasonable doubt. The Government's argument for relief under Alleyne must fail as that decision has not been made retroactive on collateral review. See United States v. Olvera, 775 F.3d 726, 730 n.12 (5th Cir. 2015) (collecting cases).

3

Here, Petitioner does not challenge the legality of his conviction, rather he contends that he should be entitled to habeas relief from his mandatory minimum sentence under § 2241. The Court finds, however, that based on the foregoing authority, Petitioner is not entitled to habeas relief from his sentence under § 2241.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner is not entitled to habeas relief under § 2241.

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: September 30, 2015

Richard L. Voorhees
United States District Judge